**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>Beth A. Henson<br><br>     *Debtor* | Case No.: 23-12719-MMH<br>Chapter 11 |
| In re:<br><br>Cynthia A. Warren<br><br>     *Debtor* | Case No. 23-13194 MMH<br>Chapter 11 |
| | Joint Administered Under<br>Case No.: 23-13194-MMH |
| Beth A. Henson and Cynthia A. Warren<br><br>     *Movants*<br>      v.<br><br>James M. Peppe<br>West & Feinberg, P.C.<br>4550 Montgomery Ave.<br>Suite 775N<br>Bethesda, MD 20814<br><br>     *and*<br><br>West & Feinberg, P.C.<br>c/o Metropolitan Agents, Inc.<br>4550 Montgomery Ave.<br>Suite 775N<br>Bethesda, MD 20814<br><br>     *Respondents* | |

**DEBTORS' AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**TO PURSUE LEGAL MALPRACTICE CLAIM,**
**<u>NUNC PRO TUNC AS APPLICABLE TO MAY 30, 2024</u>**

Debtors and Debtors-in-possession, Beth A. Henson ("Henson") and Cynthia A. Warren ("Warren", Henson and Warren are collectively "Debtors"), by and through their respective undersigned counsel Eric S. Steiner and Marc A. Ominsky, and pursuant to 11 U.S.C. §§ 105 and 362, and Fed. R. Bankr. Proc. 4001, 9013 and 9014, file this motion for relief from the automatic stay to allow them to pursue a legal malpractice claim against James M. Peppe and West & Feinberg, P.C., and in support thereof, state:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought with this motion is based upon 11 U.S.C. § 362 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## FACTS

3.      On April 20, 2023 (the "Henson Petition Date"), Henson filed a voluntary petition (the "Petition") for bankruptcy under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      On May 8, 2023 (the "Warren Petition Date"), Warren filed a voluntary petition under Chapter 11 of the Bankruptcy Code, commencing in this Court in Case No 23-13194.

5.      This Court entered an order for joint administration of these cases on March 27, 2024. ECF No.: 81.

6.      The Debtors have a malpractice claims against their former attorney James M. Peppe and West & Feinberg, P.C., and wish to pursue that claim, but further proceedings are subject to the automatic stay. *See e.g. Platinum Financial Services v. Byrd (In re Byrd),* 357 F.3d

433, 439 (4th Cir. 2004) ("The plain language of Section 362 stays appellate proceedings in actions originally brought against the debtor, even when it is the debtor who files the appeal. [citations omitted]").

7.      On or about May 30, 2024, the Debtors filed the malpractice lawsuit against James M. Peppe and West & Feinberg, P.C. due to confusion between Debtors' counsel regarding this Court's order.  Once counsels clarified this issue, all further action was stopped, and to date, the Complaint has not been served.

## ARGUMENT

This Court in *In re Collins*, 118 B.R. 35 (Bankr. D. Md. 1990) (Schneider, J.) adopted the reasoning of the Bankruptcy Court for the District of Utah, Central Division, in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).  *Curtis* established 12 criteria to determine whether relief from the automatic stay to pursue litigation in another forum should be granted.  As applied to this case, these factors weigh in favor of the Debtors.  The factors are:

a.  Whether the relief will result in a partial or complete resolution of the issues.  The Debtors contend that the malpractice claim will fully resolve the malpractice issue;

b.  The lack of any connection with or interference with the bankruptcy case. The malpractice claim will not interfere with the reorganization case of either debtor as it will be the principle basis for the success of their reorganization;

c.  Whether the foreign proceeding involves the debtor as a fiduciary. This factor is not applicable;

d.  Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases. The Debtors have not

determined in which forum they intend to file suit, but any forum that they choose will have the expertise to hear the case;

e.  Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.  This factor is not applicable;

f.  Whether the action essentially involves third parties, and the Debtor functions only as a bailee or conduit for the goods or proceeds in question. This factor is not applicable;

g.  Whether litigation in another forum would prejudice the interests of other creditors, the creditor's committee, and other interested parties. The malpractice claim will benefit the estate by its resolution of the issues;

h.  Whether the judgment claim arising from the foreign action is subject to equitable subordination under § 510(c). This factor is not applicable;

i.  Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under §522(f).  This factor is not applicable;

j.  The interests of judicial economy and the expeditious and economical determination of litigation for the parties.  Judicial economy is served by the Debtors being permitted to litigate the malpractice claim in a form they choose and is the most expeditious and cost-effective way to allow them to pursue the malpractice claim;

k.  Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.  The Debtors are prepared to proceed with the malpractice claim, and have selected a malpractice attorney, which this Court authorized; and

l. The impact of the stay on the parties and the "balance of hurt." The automatic stay precludes the Debtors from resolving the malpractice claim, thereby precluding them from maximizing the benefit to their creditors.

WHEREFORE, Beth A. Henson and Cynthia A. Warren, Debtors, jointly request that this Court:

(a) Enter an Order terminating the automatic stay in the above-captioned cases to allow the Debtors to proceed with the legal malpractice claim against James M. Peppe and West & Feinberg, P.C. in a forum they choose; nunc pro tunc as applicable to May 30, 2024, and

(b) Award such other and further relief as is just and proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Marc A. Ominsky* | */s/ Eric S. Steiner* |
| Marc A. Ominsky, Esq., #13956 | Eric S. Steiner, Esquire |
| The Law Offices of Marc A. Ominsky | Federal Bar No. 28705 |
| | eric@steinerlawgroup.com |
| 10632 Little Patuxent Pkwy, Suite 249 | **STEINER LAW GROUP, LLC** |
| | P.O. Box 17598, PMB 83805 |
| Columbia, MD 21044 | Baltimore, Maryland 21297 |
| Office: (443) 539-8712 | (410) 670-7060 (phone) |
| info@mdlegalfirm.com | (410) 834-143 (fax) |
| | |
| *Counsel for Debtor Warren* | *Counsel for Debtor Henson* |